## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

HERBERT GERALD BATEY,
a/k/a "Jerry Batey,"

      Defendant.

Case No. 25-CR-00266-SEH

### OPINION AND ORDER

The government seeks forfeiture of Defendant's Sapulpa residence and several electronic devices. [ECF No. 38]. Defendant consents to forfeiture of the electronic devices seized by the government [ECF No. 37] but objects to the forfeiture of his residence [ECF No. 46]. The Court held a hearing in this matter on March 30, 2026. Upon consideration of the written record and the arguments made at the hearing, the Court grants the government's motion.

### I. Background

Defendant Herbert Gerald Batey pleaded guilty without a plea agreement to Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The indictment charging him with these

offenses also alleged a Child Exploitation Forfeiture, under 18 U.S.C. §§ 2253(a)(2) and 2253(a)(3).

The government now moves for a preliminary order of forfeiture. [ECF No. 38]. Attached to its motion is an affidavit from Detective Matt D. Gray of the Tulsa County Sheriff's Office. [ECF No. 38-1]. In his affidavit, Gray explains that law enforcement retrieved five devices from Defendant's residence which contained more than 1,000 images of child sexual abuse. [*Id.* at 3]. The child sexual abuse material on these devices was linked to Defendant's Facebook, Dropbox, and Apple accounts, as well as his email addresses. [*Id.*]. Gray further states that Defendant's computer "was used to obtain and access child pornography" and Defendant's residence provided privacy that "enabled defendant to engage in child pornography activities." [*Id.*].

In his plea petition, Defendant conceded that he "knowingly received visual depictions that showed a minor engaging in sexually explicit conduct" and that he used a computer "that allowed that image to be shipped and transported in interstate commerce." [ECF No. 36 at 2]. Defendant acknowledged that he used the five electronic devices seized by the government to commit his offenses. [ECF No. 37-1].

The government argues that Defendant's residence provided a private and safe place to store the child sexual abuse material Defendant acquired, and therefore the Court should find Defendant forfeited any interest in his

2

residence. [ECF No. 38 at 6]. In support, the government cites *United States v. Hull*, 606 F.3d 524 (8th Cir. 2010) and *United States v. Wilk*, No. 04-60216-CR, 2007 WL 2263942 (S.D. Fla. Aug. 6, 2007). [*Id*. at 5–6]. In *Hull*, the Eighth Circuit determined that "[u]se of a computer in the privacy of the residence, rather than in a library, coffee shop, or senior center, made it easier for Hull to conceal his crimes from public scrutiny." 606 F.3d at 528. Similarly, in *Wilk*, the district court determined that a defendant's residence "enabled the Defendant to engage in the illegal child pornography activities without fear of discovery of public scrutiny." No. 04-60216-CR, 2007 WL 2263942, at *1. The government argues that Defendant's residence performed the same function. [ECF No. 38 at 6].

In opposition, Defendant argues the government failed to show the requisite nexus between the residence and the offenses, that forfeiture of the residence would violate the Eighth Amendment's Excessive Fines Clause, and that forfeiture would have "unconstitutional and adverse effects on the Defendant's wife." [ECF No. 46 at 2–5].

According to Defendant, he and his wife borrowed $480,000 against the home when they purchased it. [ECF No. 46 at 4]. After Defendant was indicted, they again mortgaged the property for an additional $580,546. [ECF No. 46-3 at 2]. Defendant's wife states, under oath, that she withdrew a

3

"significant amount of money" from her retirement account "in order to pay that money into the residence." [ECF No. 46-4 at 1].

Defendant argues that the government has failed to establish the requisite nexus between the property and the offenses, and that "[t]here's nothing to [suggest] that the [residence purchased in November of 2024] somehow contributed to the allegations of crimes *nor* that any of these images were received *while* this Defendant and his wife lived in [this] house." [ECF No. 46 at 5] (emphasis in original).

## II. Analysis

Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture. After a plea of guilty is accepted on any count in an indictment seeking criminal forfeiture, "the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). The criminal forfeiture statute applicable here provides that "[a] person who is convicted of an offense ... involving a visual depiction [of child pornography] ... shall forfeit to the United States such person's interest in — (1) any visual depiction ... or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction ... ; [and] (3) any property, real or personal, used ... to commit ... such [child pornography] offense … 18 U.S.C. § 2253(a). Therefore, the government is entitled to forfeiture of any visual

4

depictions of child sexual abuse as well as any property used to commit the crimes involving depictions of child sexual abuse.[1]

*A. Nexus*

"If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property ... without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).

The Court may base its decision "on evidence already in the record ... and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). When the forfeiture is contested, as it is here, the Court must conduct a hearing upon request of a party. *Id.* "A forfeiture judgment must be supported by a preponderance of the evidence." *United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012); *United States v. Gordon*, 710 F.3d 1124, 1165 (10th Cir. 2013).

---

[1] Visual depictions of child sexual abuse are referred to as "child pornography" in federal criminal laws. Here, the Court refers to such visual depictions as "child sexual abuse material" unless specifically referencing federal statutes.

Given his guilty pleas, Defendant cannot dispute that he possessed child sexual abuse material in his home. The unlawful images were stored on electronic devices that were found inside his home. [ECF No. 38 at 6]. The government provided no evidence that the images were downloaded or accessed from the Sapulpa residence.

In his plea petition, Defendant stated that "on or in between March of 2024 and April of 2025 … I knowingly received visual depictions that showed a minor engaging in sexually explicit conduct, and the depiction actually shows that conduct." [ECF No. 36 at 2]. Defendant's admission shows that during roughly a third of the period he was engaged in receiving such visual depictions, he was living in the residence the government seeks to forfeit. These visual depictions were kept in the privacy of Defendant's home, where he was free to "engage in the illegal child pornography activities without fear of discovery or public scrutiny." *Wilk*, No. 04-60216-CR, 2007 WL 2263942, at *1. Thus, Defendant used his residence to keep his child sexual abuse material safe from the elements, thieves, and prying eyes.

The Court recognizes this case is distinguishable from *Hull* and *Wilk* in that Defendant used his residence during only part of the time he committed the offenses. However, 18 U.S.C. § 2253(a)(3) only requires that "property, real or personal … used to commit … such [child pornography] offense" be forfeited. It does not cabin this requirement within a certain time period.

Based upon the record before the Court, I find the government has demonstrated by a preponderance of the evidence that Defendant's residence was "used" in the commission of his offenses and that there is a sufficient nexus between the residence and the offenses to warrant forfeiture.

### B. Eighth Amendment

The Eighth Amendment prohibits the imposition of "excessive fines." U.S. Const. Amend. VIII. The term "fine" is "understood to mean a payment to a sovereign as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 327 (1998). The principle of proportionality requires the amount of the forfeiture "bear some relationship to the gravity of the offense that it is designed to punish." *Id.* at 334.

Proportionality is evaluated by considering:

- the nature of the offense;

- the relationship of the offense to other illegal activity;

- whether the property constitutes proceeds of illegal activity;

- the harm caused by the illegal activity;

- the value and function of the defendant property;

- the culpability of the claimant;

- the benefit reaped by the claimant, and;

- the maximum sanction authorized by Congress for the offense.

*United States v. Lot Numbered One (1) of Lavaland Annex*, 256 F.3d 949, 958 (10th Cir. 2001) (citing *Bajakajian* at 337–40).

Without question, crimes involving child sexual abuse material are serious crimes that result in significant harm. "Child pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). For more than a year, Defendant knowingly received visual depictions that showed a minor engaging in sexually explicit conduct, including at least one minor who had not attained the age of 12. [ECF No. 36 at 2]. Defendant's offenses subject him to up to twenty years of imprisonment and a fine of up to $250,000 for each count. [*Id.* at 3]. The gravity of Defendant's offenses is high.

Defendant disputes the government's assessment of the value of his residence. [ECF No. 46 at 4]. He maintains that he has very little equity in his home, which appears to be valued at around $825,000 but is subject to mortgages with balances near or exceeding $1 million. [ECF Nos. 46-2, 46-3]. Accepting Defendant's statement of the facts as true, the value of Defendant's interest in the forfeited property is well below the maximum sanction authorized by Congress. *See United States v. Jalaram*, 599 F.3d 347, 356–57 (4th Cir. 2010) (concluding that a $385,000 forfeiture was not grossly disproportionate considering the offense's $350,000 maximum fine).

Defendant pleaded guilty to serious crimes that result in significant harm, and his interest in the property the government seeks to forfeit appears to be either small or nonexistent. After weighing all considerations identified in *Bajakajian*, I find forfeiture of Defendant's interest in his residence does not violate the Eighth Amendment's Excessive Fines Clause.

### C. Third parties

Finally, this is not the appropriate time for Defendant's wife to assert her interest in the home. Defendant argues that forfeiture will have "unconstitutional and adverse effects on [his] wife." [ECF No. 46 at 5]. But, as Defendant conceded at the hearing, there is a separate process through which third parties may assert an interest in a property subject to forfeiture. *See* Fed. R. Civ. P. 32.2(b)(2)(A) ("Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."). If Defendant's wife has an interest in the home, she can defend that interest through the process afforded to her.

## III. Conclusion

For the reasons stated above, the government's motion is granted.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. § 2253(a)(3) and Fed. R. Crim. P. 32.2(b), the United States' Motion for Preliminary Order

of Forfeiture [ECF No. 38] is GRANTED. A separate preliminary order of forfeiture will enter.

DATED this 16th day of April, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE